IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SURGENEX, LLC, an Arizona limited liability company; ABEL BULLOCK, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PREDICTIVE THERAPEUTICS, LLC, a Utah limited liability company; PREDICTIVE BIOTECH, INC., a Utah corporation; and DOUG SCHMID, an individual,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>Case No. 2:19-cv-00295-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants Predictive Therapeutics, LLC, Predictive Biotech, Inc., and Doug Schmid's Motion to Strike Plaintiffs' First Amended Complaint (FAC).[1] Defendants argue that Plaintiffs Surgenex, LLC and Abel Bullock's FAC is procedurally improper and should not have been filed without first receiving leave of the court.[2] Plaintiffs contend they filed the FAC without requesting leave to do so because they believed the court had already granted Plaintiffs leave to amend in an earlier ruling.[3] Alternatively, as part of its Memorandum in Opposition to Defendants' Motion to Strike the FAC, Plaintiffs move the court to grant them

---

[1] Dkt. 51.

[2] *Id.* at 1.

[3] *See* Dkt. 52 (Plain.'s Opp. Memo.) at 2.

leave to amend their initial Complaint.[4]  For the reasons discussed below, Defendants' Motion is DENIED, and the court declines to consider Plaintiffs' alternative requested remedy.

## PROCEDURAL HISTORY

On May 1, 2019, Plaintiffs filed their initial Complaint in this action.[5]  Defendants then filed on August 30, 2019 a Motion to Dismiss.[6]  On May 26, 2020, the court granted in part and denied in part the Motion to Dismiss.[7]  Among other things, the court declined to dismiss Plaintiffs' claim for tortious interference with business relations.[8]  On June 9, 2020, Defendants filed a Motion for Reconsideration, asking the court to reconsider its decision concerning the tortious interference with business relations claim.[9]

While the Motion for Reconsideration was pending, an Amended Scheduling Order was entered, requiring amended pleadings to be filed by June 26, 2020.[10]  On June 25, 2020, Plaintiffs sent a redlined copy of the proposed FAC to Defendants.[11]  Because the parties were uncertain what effect the court's ruling on the Motion for Reconsideration would have, the parties then filed a Stipulated Motion for Extension of Time to Amend,[12] which the court granted on June 29, 2020.[13]  The deadline "to file a motion to amend pleadings" was extended to October 30, 2020.[14]

---

[4] *Id.*

[5] Dkt. 2.

[6] Dkt. 18.

[7] *See* Dkt. 40, Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss at 7–28.

[8] *See id.* at 25–27.

[9] Dkt. 41.

[10] *See* Dkt. 46.

[11] *See* Dkt. 52 at 3; Dkt. 55 (Def.'s Reply) at 3.

[12] Dkt. 47.

[13] Dkt. 48 (Order Granting in Part and Denying in Part Stip. Mot. to Ext. Deadline to File Mot. to Amend Pleadings).

[14] *Id.* at 1.

On July 17, 2020, the court issued an order on Defendants' Motion for Reconsideration.[15] The court held that Plaintiffs failed to plead with sufficient particularity the alleged misrepresentations underlying their claim for tortious interference with business relations.[16] But the court dismissed the claim without prejudice, explaining that "[c]ourts are supposed to give leave to amend freely . . . when justice so requires."[17] Construing this statement as a tacit grant of approval from the court, Plaintiffs believed they had leave to file their FAC without first filing a separate motion requesting permission to do so.[18] On October 27, 2020, Plaintiffs filed their FAC, reducing from nine to three the causes of action advanced and specifically attempting to address the issues the court previously identified concerning the tortious interference with business relations claim.[19]

Defendants now move to strike the FAC based on Plaintiffs' failure to file a motion for leave to amend their initial Complaint in violation of Federal Rule of Civil Procedure 15(a)(2).[20] Defendants further argue the FAC should be stricken because "the proposed amendments do not cure the deficiencies in Plaintiffs' tortious interference claim" and would thus be futile.[21]

Plaintiffs acknowledge they failed to obtain consent from the court prior to filing the FAC but contend this mistake was based on an apparent misreading of the court's prior order.[22] Moreover, Plaintiffs maintain the proposed amendments in the FAC are not futile because they

---

[15] Dkt. 49 (Order Granting in Part and Denying in Part Mot. for Reconsideration).

[16] *See id.* at 4–6.

[17] *Id.* at 6 (quotation marks and citations omitted).

[18] *See* Dkt. 52 at 2.

[19] *See* Dkt. 50 at 20–25.

[20] Dkt. 51 at 2 (noting that, when outside the timeframe for pleadings to be amended as a matter of course, Rule 15(a)(2) only allows parties to amend a pleading with the opposing party's written consent or the court's leave).

[21] Dkt. 55 at 4.

[22] Dkt. 58 (Plain.'s Reply in Support of Mot. for Leave to Amend) at 2.

supply enough information to overcome the deficiencies the court highlighted in their initial claim for tortious interference with business relations.[23]  In the alternative, Plaintiffs move the court for leave to amend their initial Complaint.[24]

## DISCUSSION

In view of this procedural history, the court will first take up Defendants' Motion to Strike, before addressing Plaintiffs' Motion for Leave to Amend, and closing with Defendants' futility arguments.

### I. The Court Will Not Strike Plaintiffs' FAC

"A district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[25]  When the court granted the parties' stipulated request to extend the deadline for amended pleadings, it made clear it was referring to the deadline to file a *motion* to amend the pleadings.[26]  Plaintiffs erred when they filed the FAC without first filing a motion seeking leave to do so.  Instead, Plaintiffs mistakenly relied upon the language in the court's Order on Defendants' Motion for Reconsideration that "courts are supposed to give leave to amend freely,"[27] interpreting it as an expression of the court's approval to file an FAC.  This appears to have been a good faith misreading of the relevant language.  The court can ascertain no evidence of bad faith in Plaintiffs filing the FAC without first obtaining leave to do so.

---

[23] *Id.* at 5–7.

[24] *See* Dkt. 52 at 2.

[25] *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quotation marks and citation omitted).

[26] *See* Dkt. 48 at 1.

[27] Dkt. 49 at 6.

Moreover, Defendants had ample notice that Plaintiffs intended to amend their complaint—they were provided with a redline copy of the proposed FAC months in advance, and Defendants further agreed to an extension of the deadline to amend. Plaintiffs timely filed the FAC before the October 30 deadline, and as far as the court is aware, Defendants will not be prejudiced if the court receives the FAC. Indeed, in neither Defendants' Motion to Strike nor their supporting Reply Memorandum are there any allegations of prejudice. Their arguments rest almost entirely on technicalities.

As the court previously explained, "litigants are to be afforded 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[28] Although the filing of Plaintiffs' FAC was technically deficient, it was timely submitted, it was not a product of bad faith, and it results in no significant or unfair prejudicial consequences to Defendants. Accordingly, the court will receive Plaintiff's FAC filed on October 27, 2020.

## II. The Court Will Not Consider Plaintiffs' Motion to Amend

According to local rule DUCivR 7-1(b)(1)(A), "[n]o motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document." In their Opposition Memorandum to Defendants' Motion to Strike, Plaintiffs ostensibly moved the court in the alternative for leave to amend their initial complaint.[29] Because this motion originated in a response memorandum, it is improper and the court will not recognize it. However, the court realizes that by refusing on the one hand to consider Plaintiffs' alternative motion, while simultaneously receiving the FAC on other grounds, Defendants are effectively deprived of the opportunity to raise arguments in an opposition memorandum. To remedy this unfairness, the

---

[28] Dkt. 49 at 6 (quoting *Warnick*, 895 F.3d at 755).

[29] *See* Dkt. 52 at 2.

court will now consider Defendants' futility arguments, which were initially advanced in their Reply Memorandum in response to Plaintiffs' alternative request for leave to amend.[30]

### III. Plaintiffs' Amendments to the FAC Are Not Futile

In their claim for tortious interference with business relations, Plaintiffs allege Defendant Schmid directly contacted Plaintiffs' current and potential customers, making multiple misrepresentations in an attempt to mislead customers and solicit them with Defendants' directly competing product.[31] As this court previously explained, these "allegations of deceit and misrepresentation, at least to the extent they form the grounds for the claim of tortious interference, must be pled with particularity"[32] and must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).[33]

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how,' of alleged fraudulent behavior."[34] This court previously dismissed Plaintiffs' tortious interference with business relations claim because the initial Complaint identified only "who made the statement (Schmid), the specific contents of the statement (that he was the founder of Surgenex and inventor of its products), and the recipient of the statement (Plaintiffs'

---

[30] *See* Dkt. 55 at 4–5.

[31] *See* Dkt. 50 (First Amend. Compl.) ¶¶ 186–87.

[32] Dkt. 49 at 5 (quoting *IHC Health Servs. Inc. v. ELAP Servs., LLC*, No. 2:17-cv-1245-JNP-EJF, 2018 WL 4688358, at *4 (D. Utah Sept. 28, 2018).

[33] *See id.* (explaining that although the Tenth Circuit has not explicitly addressed the issue, it regularly applies Rule 9(b) to other causes of action based on underlying fraudulent representations. Thus, the application of Rule 9(b) to tortious interference claims is consistent with the language of Rule 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") (citing *ELAP*, 2018 WL 4688358, at *4 n.1 (collecting Tenth Circuit cases); Fed. R. Civ. P. 9(b)).

[34] *ELAP*, 2018 WL 4688358, at *4 (quoting *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006)).

customers)."[35] This covered the "who" and the "what" elements, but it did not provide the "when" and the "where" or through what medium (the "how").[36]

To remedy these deficiencies, Plaintiffs amended their allegations in the FAC, explaining, "These misrepresentations were made by Defendant Schmid to Surgenex's existing and expected customers in both verbal statements by phone or in person and/or emailed communications, and were made during the period between March of 2016 and March of 2017."[37] Plaintiffs argue these amendments are sufficient to meet the "when," "where," and "how" elements required by Rule 9(b).

Defendants contend that the amended allegations are still too vague to rise to the requisite level of particularity necessary to support the tortious interference claim.[38] Because the amendments do not cure the deficiencies, Defendants submit it would be futile for the court to accept them.[39] Specifically, Defendants fault Plaintiffs for (1) not explaining which alleged misrepresentations were made through which medium, (2) failing to supply specific dates for each misrepresentation within the one-year window, and (3) failing to identify specific customers to whom each misrepresentation was made.[40] The court concludes that level of specificity is not required at the pleading stage in the context of the claims at issue here.

---

[35] Dkt. 49 at 5 (quotation marks and citation omitted).

[36] *Id.* at 6.

[37] Dkt. 50 ¶ 83. Plaintiffs explain that their own customers reported to them in 2016 and 2017 the misleading calls, emails, and discussions with Defendant Schmid. However, Plaintiffs do not currently have available to them, without discovery on the issue, the specific dates and records of the communications because that information is in the exclusive possession and control of Defendants. *See* Dkt. 58 at 6.

[38] *See* Dkt. 55 at 4.

[39] *Id.*

[40] *Id.*

The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ."[41] Here, Plaintiffs' additional allegations in the FAC, while less than perfect, provide Defendants with sufficient fair notice concerning the grounds supporting Plaintiffs' tortious interference with business relations claim.

The FAC alleges Defendant Schmid falsely held himself out to be the founder of Surgenex and the inventor of its products, while also wrongfully asserting the products he now makes for Defendants are improved products based upon the ones he formerly made for Surgenex.[42] Defendant Schmid made these misrepresentations to Plaintiffs' current and potential customers in person, by phone, and by email throughout the one-year period from March 2016 to March 2017.[43] These are not broad or generalized allegations.[44] The new information in the FAC "alert[s] Defendants to a sufficiently precise time frame"[45] when the alleged misrepresentations occurred, and they adequately inform Defendants where and how the false statements were transmitted. These allegations meet the necessary "who," "what," "when," "where," and "how" elements required to plead with particularity.

The court is satisfied Plaintiffs have supplied additional facts in the FAC to overcome the deficiencies previously noted. Defendants' futility objection is overruled.

---

[41] *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236–37 (10th Cir. 2000) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 203 F.2d 982, 987 (10th Cir. 1992)).

[42] *See* Dkt. 50 ¶ 81.

[43] *Id.* ¶ 83.

[44] *See Koch*, 203 F.3d at 1237 (confirming district court's dismissal of plaintiffs' fraud claims because they were based on "broad allegations" that "set forth none of the specific and required allegations."

[45] *Id.* (explaining plaintiffs' statement that "the alleged misrepresentations were made 'during 1982 and continuing to the present time' does not alert the Defendants to a sufficiently precise time frame to satisfy Rule 9(b)").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Plaintiffs' First Amended Complaint is DENIED.[46] The court receives Plaintiffs' First Amended Complaint on the date it was filed.[47]

SO ORDERED this 10th day of February 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[46] Dkt. 51.

[47] Dkt. 50.